COURT OF APPEALS OF VIRGINIA


Present:  Judges Agee, Annunziata and Senior Judge Coleman


JEFFREY BOTHEN

                                        MEMORANDUM OPINION*
v.    Record No. 0118-02-4                  PER CURIAM
                                          JULY 9, 2002
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Dennis J. Smith, Judge

            (Wade P. Luther; The Lewis Law Firm, P.C., on
            brief), for appellant.

            (Jerry W. Kilgore, Attorney General;
            Francis S. Ferguson, Deputy Attorney General;
            Siran S. Faulders, Senior Assistant Attorney
            General; Donald G. Powers, Assistant Attorney
            General, on brief), for appellee.


      Jeffrey Bothen (appellant) appeals from a decision of the

Fairfax County Circuit Court finding substantial evidence to

support the determination of the Virginia Department of Social

Services (VDSS) that a complaint of "Physical Neglect -

Inadequate Supervision — Level Three" against appellant was

"Founded."  On appeal, he contends there was insufficient

evidence to support VDSS's finding of neglect.  Upon reviewing

the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision

of the trial court.  Rule 5A:27.

      _____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The standard of review of an agency's factual findings on appeal to a circuit court is limited to determining whether substantial evidence in the agency record supports its decision. See Code § 9-6.14:17; Turner v. Jackson, 14 Va. App. 423, 429-30, 417 S.E.2d 881, 886 (1992). On appeal, we do not disturb factual findings if credible evidence supports them. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988).

On April 19, 2000, the Fairfax Department of Family Services (FDFS) received a complaint that appellant's fifteen-year-old daughter, Alina, was being inadequately supervised. FDFS investigated the complaint, and on June 20, 2000, it notified appellant of its finding, "Founded – Physical Neglect – Inadequate Supervision – level 3." On September 29, 2000, the local agency director upheld that disposition.

Appellant appealed that decision to the Commissioner of VDSS. On April 23, 2001, a VDSS hearing officer conducted an administrative hearing. Appellant had sole physical custody of his daughter. Evidence showed that he received six-weeks' notice before being deployed to Kuwait for two weeks with his National Guard unit. Appellant initially planned for Alina to visit her

-

mother the first week and stay with another family the second week. Three weeks before the trip, those plans proved unworkable, so appellant asked Alina to suggest some school friends with whom she could stay. On a previous occasion when appellant left Alina alone overnight, she had a party at which drugs and alcohol were consumed and during which someone stole one of appellant's guns. Moreover, appellant suspected Alina may have been using drugs, and he knew she took medication for depression and migraines. Despite that knowledge, appellant left for Kuwait solely on Alina's oral representation that Holly Sitnick's parents agreed to let her stay with them. Appellant never talked with the Sitnicks before leaving for Kuwait. During the first four days of appellant's absence, Alina had several friends visit, alcohol and drugs were consumed, and Alina was involved in a hit and run accident while driving without a license. Appellant filed a plan with the military when he left for Kuwait indicating that his mother or Alina's mother would provide childcare. Alina remained unsupervised until FDFS contacted appellant on April 19, 2000.

After taking and reviewing extensive evidence, the VDSS hearing officer found that appellant failed to adequately provide for his daughter's supervision, thereby placing her in a situation that required judgment or actions beyond her level of maturity. Accordingly, the officer sustained the local agency's disposition.

-

The trial court reviewed the record and found that the agency's findings were supported by substantial evidence, and it affirmed the hearing officer.

Code § 63.1-248.2 defines an "[a]bused or neglected child," inter alia, as any child less than eighteen years of age:

> 1.  Whose parents or other person responsible for his care . . . creates a substantial risk of death, disfigurement, or impairment of bodily or mental functions; [or]
>
> 2.  Whose parents or other person responsible for his care neglects or refuses to provide care necessary for his health. However, no child who in good faith is under treatment solely by spiritual means through prayer in accordance with the tenets and practices of a recognized church or religious denomination shall for that reason alone be considered to be an abused or neglected child; . . . .

Guidelines promulgated to help the local departments "in interpreting the definitions of abuse and neglect provided by statute" are contained in VDSS's Protective Services Manual, see Jackson v. W., 14 Va. App. 391, 399, 419 S.E.2d 385, 389 (1992), as well as in the Virginia Administrative Code, see 22 VAC 40-705-30(B).  The Administrative Code defines "[p]hysical neglect" as "[t]he failure to provide food, clothing, shelter or supervision for a child to the extent that the child's health or safety is endangered."  Id.  Moreover, "[p]hysical neglect may include multiple occurrences or a one-time critical or severe event that results in a threat to health or safety."  The

-

hearing officer quoted the following from Volume VII, Section 3

of VDSS's Child Protective Services Policy Manual:

> Physical neglect includes the following when
> the conditions threaten the child's health
> or safety:
>
> b) Inadequate supervision:  the child
> has been left in the care of an inadequate
> caretaker or in a situation which requires
> judgment or actions greater than the child's
> level of maturity, physical condition,
> and/or mental abilities would reasonably
> dictate; or [under] minimal care/supervision
> which results in placing the child in
> jeopardy of or at risk of . . . physical
> injury . . . .

Based upon our review of the record, including appellant's

failure to obtain supervision for his daughter before leaving

the country for two weeks despite his awareness of her prior

difficulties, substantial evidence supports the finding by VDSS.

Accordingly, we summarily affirm the circuit court's ruling.

<u>Affirmed.</u>